IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 2000 Session

# STATE OF TENNESSEE, DEPT. OF CHILDREN≡S SERVICES v. LS, IN THE MATTER OF DS

**Direct Appeal from the Circuit Court for Pickett County**
**No. NJ-913      Hon. John Maddux, Circuit Judge**

**No. M1999-00847-COA-R3-CV - Filed September 28, 2000**

The Trial Court removed minor child from the parental home on grounds child was dependent and neglected. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., and PATRICIA J. COTTRELL, J., joined.

Daryl A. Colson, Livingston, Tennessee, for appellant, LS.

Paul G. Summers, Attorney General and Reporter, and Elizabeth C. Driver, Assistant Attorney General and Reporter, Nashville, Tennessee, for Appellee, State of Tennessee, Department of Children≡s Services.

## OPINION

In this action, the Trial Judge affirmed the Juvenile Court≡s decision to remove DS from the parental home because she was dependent and neglected. The mother has appealed.

The Department of Children≡s Services, (DCS) became involved in this case in the early 1990's. DS was born on September 26, 1987, and the mother subsequently married CS, who is not DS≡s biological father, but was named on the birth certificate.

DS≡s maternal grandmother brought the allegations of sexual abuse in the home to the Department≡s attention, and the Department filed a petition for temporary custody in 1996, alleging

that the mother had failed to protect the child from abuse, and that the mother had alcohol problems. The Juvenile Court temporarily removed DS from the home, and ordered an independent evaluation. At a subsequent hearing, the Juvenile Court ordered the removal of DS from the home.

On appeal to the Circuit Court, a Guardian Ad Litem was appointed, and a trial was conducted before the Circuit Judge on August 13, 1998. The Trial Judge found the witnesses from the DHS to be very credible, and held that the stepfather had sexually and physically abused the child, the mother had problems with alcohol and had endangered the child when under the influence, and had also failed to protect her. The Court concluded there was clear and convincing evidence that DS was dependent and neglected, the parents had failed to protect her, and consequently that DS should remain in foster care, but have supervised visitation with the parents.

In order to make a finding that a child is dependent and neglected, the court must have clear and convincing evidence of such circumstances. Tenn. Code Ann. ' 37-1-129(c). It must be demonstrated that the child has been under unlawful or improper care, or that the child has suffered from abuse or neglect. Tenn. Code Ann. ' 37-1-102(b)(12). Our review of the trial court=s decisions on these types of fact questions is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d).

The Department presented evidence that the stepfather had sexually abused the child, and that he had physically abused the mother and the child. There was evidence that the mother had abused alcohol to the extent that she sometimes blacked out, and that the mother had on occasion smothered the child with a pillow. The parents= testimony essentially denied that the child had been abused, but the Trial Court found that the Smiths and their witnesses= testimony were not credible.

In our review we give considerable deference to the trial judge where issues of the credibility of witnesses are concerned. *Adelsperger v. Adelsperger,* 970 S.W.2d 482 (Tenn. Ct. App. 1997); *Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488 (Tenn. Ct. App. 1974). As the Supreme Court has recently explained:

> Unlike appellate courts, trial courts are able to observe witnesses as they testify and to assess their demeanor, which best situates trial judges to evaluate witness credibility. Thus, trial courts are in the most favorable position to resolve factual disputes hinging on credibility determinations. Accordingly, appellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary.

*Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). Deferring to the Trial Judge on the issue of credibility, we find there was ample evidence, more than enough to meet the clear and convincing standard, that DS was a dependent and neglected child. The Trial Judge not only found that DS was a victim of abuse, but went further and determined that DS was a victim of severe child abuse, as defined in Tenn. Code Ann. ' 37-1-102(b)(21), (which is not required to find a child to be dependent and neglected).

The mother argues that the evidence is not strong enough to support a finding of severe child abuse.[1]

The Supreme Court recently held that where a mother allows her child to be abused by the father and fails to protect the child, such inaction is a basis to establish severe child abuse. *Nash-Putnam v. McCloud*, 921 S.W.2d 170 (Tenn. 1996). The statute is explicit that a parent who actually subjects a child to abuse, either of a physically or psychologically damaging nature, is guilty of severe child abuse. The knowing failure to protect a child from such abuse, also constitutes severe child abuse. Further, the act of sexual battery committed upon a child less than 13, as in this case, is encompassed by Tenn. Code Ann. ' 39-13-504, which is set forth in Tenn. Code Ann. ' 37-5-102(b)(21), subsection (C) as also constituting severe child abuse, as is the failure to protect a child from it.

---

[1] Severe child abuse in the Statute is defined as:

(A) The knowing exposure of a child to or the knowing failure to protect a child from abuse or neglect that is likely to cause great bodily harm or death and the knowing use of force on a child that is likely to cause great bodily harm or death;

(B) Specific brutality, abuse or neglect towards a child which in the opinion of qualified experts has caused or will reasonably be expected to produce severe psychosis, severe neurotic disorder, severe depression, severe developmental delay or retardation, or severe impairment of the child's ability to function adequately in the child's environment, and the knowing failure to protect a child from such conduct; or

(C) The commission of any act towards the child prohibited by ' ' 39-13-502--39-13-504, 39-13-510, 39-13-522, 39-15-302, and 39-17-1005 or the knowing failure to protect the child from the commission of any such act towards the child.

Generally, a child may be removed from the parents= custody upon the showing of a threat of substantial harm. *In re Askew*, 993 S.W.2d 1 (Tenn. 1999). The evidence establishes that the temporary and ongoing removal of the child from the home are warranted in this case. The Trial Court also found that the DCS had made reasonable efforts to prevent the removal by working with the family for several years, pursuant to Tenn. Code Ann. ' 37-1-166, but he concluded that there was no less drastic alternative to removal, and that allowing DS to remain in the home would not be in her best interests. Accordingly, we affirm the Trial Court=s judgment. The cost of the appeal is assessed to the appellant, LS.

_____
HERSCHEL PICKENS FRANKS, J.